# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DYWANE T. HENSON
ADC #121669                                                                                                   PLAINTIFF

v.                                        4:20-cv-01119-DPM-JJV

DEXTER PAYNE, Director of Health; *et al.*                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Dywane T. Henson ("Plaintiff") is a prisoner in the Cummins Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Amended Complaint pursuant to 42 U.S.C. § 1983 alleging that, on August 21, 2018, he passed out due to a combination of high blood pressure and extreme heat in his isolation cell and injured his ankle. (Doc. 6.) Plaintiff says approximately one month later, Defendant LPN Lerizza Nunag violated his Eighth Amendment rights by

1

canceling his heat restriction "out of spite" because he refused to walk to the infirmary, without crutches, on his injured ankle.[1]  (*Id*. at 4.)

In February 2021, Defendant Nunag filed a Motion for Summary Judgment arguing Plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies. (Doc. 14.)  On May 12, 2021, the Honorable D.P. Marshall Jr., Chief United States District Judge: (1) ruled Plaintiff did not properly exhaust his administrative remedies in either grievance CU-18-899 or CU-18-1019; (2) concluded the record was not fully developed as to grievance CU-1141 or an unnumbered informal resolution; and (3) referred the matter back to me for resolution.  (Doc. 22.)  In compliance with my instructions, Defendant has filed a Supplemental Motion for Summary Judgment, and Plaintiff has filed a Response.  (Docs. 23, 27, 28, 29.)  After careful consideration and for the following reasons, I recommend the Supplemental Motion be GRANTED, Plaintiff's inadequate medical care claim against Defendant Nunag be DISMISSED without prejudice, and this case be CLOSED.

## II.   SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.   Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).   When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v.*

---

[1] All other claims have been previously dismissed without prejudice. (Doc. 12.)

*Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  ANALYSIS

#### A.  The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218.

Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

**B. The ADC's Exhaustion Procedure**

The ADC policies in effect during the relevant times in this case were Administrative Directives 14-16, 19-20, and 19-34. (Docs. 15-1, 15-2, 15-3, 15-5.) These Directives establish a three-step procedure. First, the inmate must attempt informal resolution by submitting a Unit Level Grievance Form to a designated problem solver within fifteen days of the incident. The form must include a brief statement that is specific as to the substance of the issue or complaint to include the date, place, "personnel involved or witnesses," and how the policy or incident affected the inmate submitting the form. (*Id.* § IV(E)(2))(emphasis added.) Inmates are cautioned a "[g]rievance must specifically name each individual involved in order that a proper investigation and response may be completed" and an inmate who "fails to name all parties during the grievance process" may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties. (*Id.* § IV(C)(4)) (emphasis added.) And, the grievance form itself reminds prisoners to include the "name of personnel involved." The problem solver must respond to the informal resolution within three working days. (*Id.* § IV(C)(4) and (7).)

Second, if informal resolution is unsuccessful or the problem solver does not timely respond, the inmate must file a formal grievance to a Health Services Administrator ("HSA) on the same Unit Level Grievance Form within three working days. (*Id.* § IV(E)(11).) The HSA must provide a written response to the formal grievance within twenty working days. (*Id.* § IV(F)(7).)

Third, an inmate who is dissatisfied with the HSA's response or does not timely receive a response, must appeal within five working days to the appropriate ADC Assistant Director. (*Id.* §

4

IV(F)(8) and (G).) The ADC Assistant Director must provide a written response within thirty working days. (*Id*. at IV(G)(6).) A decision or rejection of an appeal at this level is the end of the grievance process. (*Id*.) Finally, the Directives include the following warning:

> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit or Claims Commission claim. If this is not done, the lawsuit or claim may be summarily dismissed.

(*Id*. at § IV(N).)

### C. Plaintiff's Grievances

In October and November 2018, Plaintiff filed grievance CU-18-1141 and an unnumbered informal resolution alleging, among other things, that Defendant Nunag improperly discontinued his heat restrictions. (Doc. 27-1 at 5-8.) The Warden denied grievance CU-18-1141, and a problem solver denied the unnumbered informal resolution. (*Id*.) According to the Inmate Grievance Coordinator's sworn declaration, Plaintiff did not appeal the denial of grievance CU-18-1141 to the ADC Deputy Director or file a formal grievance after his informal resolution was denied, as he was required to do by the ADC's exhaustion policy. (*Id*. at 1-2.) Plaintiff has not offered any contrary evidence. Accordingly, I conclude Plaintiff failed to properly exhaust his claim against Defendant Nunag in either grievance CU-18-1141 or the unnumbered informal resolution. *See Porter v. Sturm,* 781 F.3d 448, 452 (8th Cir. 2015) ("[d]ismissal without prejudice is mandatory" when a prisoner fails to appeal through the final stage of the grievance procedure); *Burns v. Eaton,* 752 F.3d 1136, 1141 (8th Cir. 2014) (explaining that a prisoner must pursue "the prison grievance process to its final stage").

The PLRA only requires prisoners to exhaust their "available" administrative remedies. 42 U.S.C. § 1997e(a); *Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016) (administrative remedies are "unavailable" when "prison administrators thwart inmates from taking advantage of a grievance

5

process through machination, misrepresentation, or intimidation"). In an unsworn Notice filed early in this case, Plaintiff said administrative remedies were unavailable because "Lt. Bass" did not respond to an unspecified grievance. (Doc. 4 at 1.) However, as pointed out by Chief Judge Marshall, that statement cannot be considered because it was made in "an unsworn paper." (Doc. 22 at 2). Although Plaintiff has been given ample time to do so, he has not supplemented his pleadings to fix that deficiency. (Docs. 23, 28.) Further, even if Plaintiff's unsworn statement about Lieutenant Bass was admissible, sections IV(E)(11) and (F)(9) of the ADC's grievance procedure specifically says prisoners may proceed to the next step if they do not receive a timely response. (Doc. 15-1). Thus, I conclude Plaintiff had administrative remedies available to him that he failed to properly exhaust. *See Crowley v. Nailor*, No. 19-1293, 783 Fed. Appx. 637 (8th Cir. Nov. 4, 2019) (unpublished decision) (improper exhaustion when an ADC prisoner who did not receive a response to his grievance failed to proceed to the next step of the process); *Williams v. Horner*, Case No. 11-3327, 2012 WL 1292887 (8th Cir. April 17, 2012) (unpublished decision) (same).

In his Supplemental Response to the Motion for Summary Judgment, Plaintiff says he properly exhausted his administrative remedies in grievance CU-18-1019. (Doc. 29.) But Chief Judge Marshall has already ruled that grievance was not properly exhausted because Plaintiff failed to obtain a final ruling at step three and any confusion caused by the appeal form did not make administrative remedies unavailable to Plaintiff. (Doc. 22.) Plaintiff has not provided any additional argument or evidence to cause the Court to reconsider that ruling. (Doc. 29.) For these reasons, I recommend Plaintiff's claim against Defendant Nunag be dismissed without prejudice because he failed to properly exhaust his available administrative remedies. *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that

unexhausted claims cannot be brought in court").

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Supplemental Motion for Summary Judgment (Doc. 27) be GRANTED, Plaintiff's inadequate medical care claim against Defendant Nunag be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 22nd day of June 2021.

                                                JOE J. VOLPE
                                              UNITED STATES MAGISTRATE JUDGE